IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RODRICK HALE,

    **Plaintiff,**

vs.                                    CASE NO. 4:24-CV-00156-AW-MAF

RENEE HALE, ET AL.,

    **Defendant.**
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Rodrick Hale, a non-prisoner proceeding *pro se*, filed this civil case pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the filing fee but filed two IFP applications, which the Court found "implausible." ECF Nos. 4, 5, 8, 9. Plaintiff's latest IFP application is due to be denied for the same reason. Plaintiff had multiple opportunities to properly set forth his claims. Plaintiff's complaint and the subsequent amended complaints were legally insufficient. ECF Nos. 1, 7, 6, 9, 10. For the reasons stated below, this case should be dismissed and closed. The procedural history of this case warrants brief discussion.

**I.**    **Procedural History**

Plaintiff did not pay the filing fee but filed two motions to proceed *in forma pauperis* (IFP), which the Court denied as "implausible." ECF Nos. 4,

5, 8, 9. The Court screened Plaintiff's complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and found it legally insufficient. ECF No. 6. The Court issued an Order advising Plaintiff that this case would likely be dismissed if he did not correct the deficiencies. Id. The Court also directed Plaintiff to either refile the IFP application or pay the $405 filing fee no later than **May 6, 2024**. Id.

Plaintiff filed an amended complaint and a second IFP application, but both remained legally insufficient. ECF Nos. 7, 8. Again, the Court advised Plaintiff of the deficiencies and ordered him to amend by the deadline. ECF No. 9. Plaintiff filed a second amended complaint and a third IFP application, both of which, as outlined below, fail to cure the deficiencies identified. ECF Nos. 10, 11. Therefore, dismissal is appropriate.

## II.  Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as

pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'"

Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

### III. Plaintiff's Third Motion to Proceed In Forma Pauperis, ECF No. 11.

Plaintiff claims he is single with two dependent children. ECF No. 11, p. 3. Plaintiff claims he is unemployed and has absolutely no sources of income, does not rent a home, does not own a home, does not live with friends or family, and owns a car. Plaintiff has no home-related expenses or utilities; he does not have any expenses for food, clothing, medical, child care or child support. Id., pp. 1-4. Every two months, Plaintiff receives $20 from friends. Id., p. 5. Oddly, Plaintiff claims he has $7,600 per month in "other debts or monthly expenses," but he does not explain to whom that is owed or how he pays the debt. Id., p. 4. Plaintiff intends to pay an attorney $70,000 to assist him with the instant case. Id., p. 4. Plaintiff simply cannot meet his alleged financial obligations or provide for his dependent children without a sufficient source of income. The IFP application is implausible and is **DENIED**. Without an adequate description of Plaintiff's actual financial condition, Plaintiff's Motion to Proceed *In Forma Pauperis* cannot be granted.

### IV. Plaintiff's Amended Complaint, ECF No. 10.

On the first page, Plaintiff listed eight defendants who are family members and friends. ECF No. 10, p. 1. Plaintiff did not properly complete

Case No. 4:24-CV-00156-AW-MAF

"Section 1" of the complaint. For example, Plaintiff listed nine defendants on the cover page but just three defendants in "Section 1." Id., pp. 2-3. Plaintiff did not provide any address information for "Sentor Party," and only provided a city and state for Renee Hale and Terrence Hale. Id.

Plaintiff's allegations are a vague, rambling narrative and are not presented in numbered paragraphs as required by Fed. R. Civ. P. 10(b). Id., pp. 6-9. Plaintiff alleged certain medical treatment caused a "brain bleed." Id., p. 7. It is unclear where that treatment occurred. Plaintiff also complains he has blurry vision and blames his mother for not taking him for eye surgery as a child. Id. Plaintiff hears voices and believes a white van was following him. Id., pp. 7-8. Plaintiff does not ask for any form of relief. Id., p. 9.

The complaint is legally insufficient because Defendants are not properly named, there are no numbered paragraphs; it does not present legal claim against any of the persons he listed and fails to request specific relief from the Court. Dismissal is proper.

## V.   Discussion

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of

cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are *ignored*, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)). Emphasis added.

The Court advised Plaintiff of the proper way to proceed in this case in three different orders, but he did not comply. ECF No. 5, 6, 9. Not only did Plaintiff fail to amend his complaint in accordance with the Rules, but he did not file a proper IFP application for consideration and did not pay the fee. Dismissal is appropriate.

## VI. Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been

forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

      **DONE AND ORDERED** this 13th day of May 2024.

                      **s/ Martin A. Fitzpatrick**
                      **MARTIN A. FITZPATRICK**
                      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

      Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).